IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

```
DAVID A. BENTLEY,              )
                               )
          Plaintiff,           )
                               )
     v.                        )         1:11CV473
                               )
JPMORGAN CHASE BANK, N.A.,     )
CHASE HOME FINANCE, and CHASE  )
HOME FINANCE LLC,              )
                               )
          Defendants.          )
```

### MEMORANDUM OPINION AND RECOMMENDATION
### OF UNITED STATES MAGISTRATE JUDGE

The instant matter comes before the undersigned United States Magistrate Judge on Defendants' Motion for Judgment on the Pleadings (Docket Entry 18) and Plaintiff's Motion to Dismiss (Docket Entry 29). (See Docket Entry dated Feb. 23, 2012; see also Docket Entry dated Oct. 14, 2011 (assigning case to undersigned Magistrate Judge).) For the reasons that follow, Plaintiff's Motion to Dismiss should be granted without prejudice and Defendants' Motion should be denied as moot.

### I. Background

Plaintiff originally filed this action in state court (see Docket Entry 3 at 1), alleging various illegal conduct by Defendants in connection with Plaintiff's mortgage loan (id. at 1-2). Plaintiff's Complaint in its entirety alleges the following:

> 1. The Defendant(s) has wholly failed to provide plaintiff with the name, address, and number of the current owner, mortgage holder or assignee of property

located at 12848 Farm Pond Lane, Stanfield, NC 28163 (Plaintiff's Residence) as required by North Carolina General Statute 45-93 and as required by federal laws and procedural mandates.

2. The Defendant has wholly failed in the production of documentation necessary to establish proper and unbroken chain of title.

3. The Defendant has failed in the proper notification to Plaintiff in the transfer of ownership of above referenced property.

4. The Defendant has willfully and intentionally, with forethought, engaged in predatory lending toward Plaintiff.

5. The Defendant is a primary and/or sole cause of the Plaintiff's property having depreciated by forty percent or more, causing irreparable damage to Plaintiff and rendering an impossible task for Plaintiff to ever sell or refinance his residence (above referenced property).

6. The Defendant has taken an integral part in a series of unlawful events toward the Plaintiff.

7. The Defendant has violated the initial contract between Plaintiff and First Citizens Bank and Trust Company.

8. The Defendant has engaged in misrepresentation and possibly fraud by acting as a legal servicer of Plaintiff's alleged mortgage of above referenced property.

9. The Defendant has engaged in numerous counts of unfair and deceptive trade practices as well as misrepresentations.

10. The Defendant has repeatedly misled Plaintiff regarding the loan modification process.

(Id. at 1-2.) Plaintiff consequently asks the Court for:

1. Satisfaction of Instrument regarding Plaintiff's property located at 12848 Farm Pond Lane, Stanfield, NC 28163 which is more fully described with the Register of Deeds office at the Stanly County Courthouse.

> Satisfaction of instrument to be properly recorded by Defendant at the Register of Deeds Office, Stanly County, North Carolina, and a copy to be sent to Plaintiff's home address by certified mail.
>
> 2. Monetary damages in the amount of $115,000 representing losses incurred by the Plaintiff.
>
> 3. All punitive damages allowed by law.
>
> 4. Any and all court costs, attorney's fees, and other miscellaneous fees incurred by the Plaintiff necessary to the implementation of this action.

(Id. at 2.)

Defendants subsequently removed this action to federal court (Docket Entry 1) and answered (Docket Entry 10). Defendants then filed the instant Motion for Judgment on the Pleadings (Docket Entry 18), to which Plaintiff responded (Docket Entry 21). During the pendency of that Motion, Plaintiff filed his instant Motion to Dismiss (Docket Entry 29), asking the Court to dismiss the action without prejudice to refiling (id. at 1). Defendants have responded (Docket Entry 30) and Plaintiff has replied (Docket Entry 32).

## II. Discussion

After an opposing party has filed an answer or motion for summary judgment, "an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper." Fed. R. Civ. P. 41(a)(2). However, "[a] plaintiff's motion to voluntarily dismiss a claim [without prejudice] should not be denied absent plain legal prejudice to the defendant

3

. . . ." Ellett Bros., Inc. v. U.S. Fidelity & Guar. Co., 275 F.3d 384, 388 (4th Cir. 2001) (citing Andes v. Versant Corp., 788 F.2d 1033, 1036 (4th Cir. 1986) ("A plaintiff's motion under Rule 41(a)(2) for dismissal without prejudice should not be denied absent substantial prejudice to the defendant.")). In determining whether to grant such a motion, a court "should consider factors such as [1] the opposing party's effort and expense in preparing for trial, [2] excessive delay and lack of diligence on the part of the movant, and [3] insufficient explanation of the need for a voluntary dismissal, as well as [4] the present stage of litigation." Howard v. Inova Health Care Servs., 302 Fed. App'x 166, 178-79 (4th Cir. 2008) (internal quotation marks and citations omitted). "[P]rejudice to the defendant does not result from the prospect of a second lawsuit." Davis v. USX Corp., 819 F.2d 1270, 1274 (4th Cir. 1987).

Plaintiff requests dismissal without prejudice for the following reasons:

> 1. Plaintiff will be financially unable to afford attorneys [sic] fees required to continue this action.
>
> 2. The defendant has enormous wealth and the ability to tie up this action well beyond the scope of capability of the Plaintiff.
>
> 3. Plaintiff continues to assert its claims and reserves the right to pursue actions against the defendant if financial means change.

(Docket Entry 29 at 1.)

Defendants argue that, due to three state court cases brought by Plaintiff concerning the same mortgage loan, Defendants have been "defending **four** almost-identical lawsuits filed by Plaintiff against [Defendants], all of which are meritless.  In doing so, [Defendants have] expended a great amount of time, resources, and expense, which alone constitutes substantial prejudice."  (Docket Entry 30 at 3 (emphasis in original).)  Further, Defendants "believe[] that Plaintiff is requesting this action be dismissed without prejudice at this time because Plaintiff is anticipating an adverse ruling with prejudice on Chase's pending motion for judgment on the pleadings. . . . Plaintiff may mistakenly believe that if he dismisses this federal court action, he will be free to re-file the state court actions."  (Id. at 3-4.)  Defendants therefore request "that the court deny Plaintiff's request for a dismissal without prejudice and, instead, rule on the [Defendants'] motion for judgment on the pleadings that is currently pending before this Court."  (Id. at 4.)  In the alternative, Defendants request "that any order entered by the Court dismissing this action be conditioned on Plaintiff's payment of [Defendants'] costs, including attorneys' fees, which [Defendants] expended in defending this action."  (Id.)

The first and fourth factors the Court should consider (i.e., expenses incurred preparing for trial and stage of the proceedings, respectively) favor Plaintiff.  Defendants have filed an Answer

5

(see Docket Entry 10) and a Motion for Judgment on the Pleadings (see Docket Entry 18), but both are reasonably brief (five pages and three pages respectively, with a thirteen-page memorandum accompanying the latter (see Docket Entry 19)), and neither contain attachments. Defendants have cited no authority that costs from other cases concurrently before the state courts should bear on this inquiry. (See Docket Entry 30 at 3.) Furthermore, this case is still in the early stages of litigation; as of yet no discovery has taken place. See, e.g., Fidelity Bank PLC v. Northern Fox Shipping N.V., 242 Fed. App'x 84, 89 (4th Cir. 2007) (finding "case was at an early stage" where "no discovery whatsoever had been undertaken," although summary judgment motion had been fully briefed).

With respect to the second factor (i.e., delay or lack of diligence by the plaintiff), Plaintiff arguably did not show proper diligence in delaying his instant Motion until approximately five months after Defendants moved for judgment on the pleadings. See Fuewell v. Cartledge, Civil Action No. 4:11-cv-02757-RBH, 2012 WL 3260322, at *3 (D.S.C. Aug. 8, 2012) (unpublished) (finding lack of diligence in delay of nearly two months). However, the record does not reflect that Plaintiff intentionally delayed the proceedings and, given his status as a pro se litigant, he should be "afforded some leeway when navigating the Federal Rules of Civil Procedure," Busby v. Capital One, N.A., 841 F. Supp. 2d 49, 56 (D.D.C. 2012).

As to the third factor (i.e., adequate explanation), Plaintiff sufficiently explained his request for dismissal. See, e.g., Robinson v. England, 216 F.R.D. 17, 18 (D.D.C. 2003) (finding sufficient explanation for voluntary dismissal where plaintiff was "unable to find suitable Counsel and continue this action for financial reasons" (internal quotation marks omitted)). In addition, though Defendants contend Plaintiff simply seeks to avoid an adverse ruling on the merits (see Docket Entry 30 at 3), given Plaintiff's status as a pro se litigant, the undersigned would likely recommend denial without prejudice of Defendants' Motion for Judgment on the Pleadings to allow Plaintiff a chance to amend his Complaint. See, e.g., Threat v. Potter, Civil No. 3:05 CV 116, 2006 WL 1582393, at *1 (W.D.N.C. June 2, 2006) (unpublished) ("[I]n its discretion, the Court finds that allowing the Plaintiff to amend her Complaint to correct [its] deficiencies is a wiser course than to order a dismissal at this early stage of the action."). Given Plaintiff's reasons for wishing to discontinue this proceeding and the likelihood that Defendants' Motion would not result in a recommendation of dismissal with prejudice, the third factor weighs in favor of dismissal without prejudice.

Factors one, three, and four support Plaintiff's request, with the second factor arguably weighing in favor of denial. On balance, the Court should conclude that the relevant considerations

7

warrant allowing Plaintiff to dismiss this action without prejudice.

Finally, Defendants request "that any order entered by the Court dismissing this action be conditioned on Plaintiff's payment of [Defendants'] costs, including attorneys' fees, which [Defendants] expended in defending this action." (Docket Entry 30 at 4.) Although the Fourth Circuit has noted that, "as a matter of course in most cases," the plaintiff should "pay a portion of [the defendant's] taxable costs," Davis, 819 F.2d at 1276, the undersigned does not recommend such action in the instant case. The purpose of conditions in conjunction with a Rule 41(a)(2) dismissal without prejudice is "to alleviate prejudice to the defendant from the inconvenience and resources expended on the litigation of the plaintiff's action in federal court." Id. As noted above, this case has not progressed even to discovery. Furthermore, the effort Defendants have expended to date on the legal sufficiency of Plaintiff's claims should carry over if Plaintiff subsequently refiles. See id. (finding award of attorneys' fees unwarranted where "work and resources expended to date during this litigation will be easily carried over to litigation of the plaintiff's cause of action in state court").

**IT IS THEREFORE RECOMMENDED** that Plaintiff's Motion to Dismiss without prejudice (Docket Entry 29) be granted without conditions.

8

**IT IS FURTHER RECOMMENDED** that Defendants' Motion for Judgment on the Pleadings (Docket Entry 18) be denied as moot.

                                              /s/ L. Patrick Auld
                                                   **L. Patrick Auld**
                                    **United States Magistrate Judge**

August 22, 2012

9

Case 1:11-cv-00473-CCE-LPA   Document 36   Filed 08/22/12   Page 9 of 9